IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN SIMMONS, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:15-CV-02024 |
| | : | |
| vs. | : | |
| | : | |
| DEPARTMENT OF | : | (Judge Rambo) |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

**Background**

On October 16, 2015, Sean Simmons, an inmate presently confined at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania ("SCI-Benner Township"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. Simmons does not appear to name any individual defendants[1] but only the following entities: (1) the Pennsylvania Department of Corrections; (2) Philadelphia Prison System; and (3) the

---

1. Simmons makes an odd reference to a "Jim Kelly" in the Defendants' section of the form civil rights complaint. Simmons states as follows: "A. Defendant Department of Corrections is employed as Jim Kelly at SCI Benner Township. B. Additional Defendants Philadelphia Prison System Commonwealth of Pennsylvania[.]" Doc. 1, at 3.

Commonwealth of Pennsylvania.  Along with his complaint, Simmons submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Simmons's claims are set forth on a form § 1983 complaint which are routinely provided to pro se litigants.  The following is Simmons's Statement of Claim in toto, including the grammatical errors:

> On 5/8/14 I was sentenced to 3 to 6 years by Judge Sheila Woods Skipper with credit for time served. My time I spent in custody was never awarded which is due on my sentence order to be awarded.
>
> The Philadelphia Prison System was to calculate my time credit in which they failed to award me all my time credit. The D.O.C. is holding me in custody on a incorrect sentence.
>
> I was incarcerated on Dates October 2010 – July 2012 on this criminal charge I was never awarded credit by the D.O.C. which make my sentence incorrect which I am serving.

Doc. 1, at 3. Simmons, although alleging that his sentence was miscalculated, does not allege that he has been or is presently being held in prison beyond his sentence maximum date.[2] Furthermore, Simmons does not

---

2. To the extent that Simmons seeks release from confinement, it is well settled that inmates may not use civil rights actions to challenge the fact or
(continued...)

specify the crime of which he was convicted, the maximum date of the sentence or how each of the defendants were involved in the calculation of his sentence minimum or maximum which was at odds with the sentence imposed by a trial court.[3]  As relief, Simmons requests the following: I want to be paid one thousand dollars a day for everyday I wasn't awarded my time credit which would result in having less time on my sentence. Compel the D.O.C. to award my time credit." Id. at 4.

---

2. (...continued)
duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975).

3. An inmate sentenced under Pennsylvania law has no entitlement to parole at his minimum sentence date. It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Furthermore, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993); Wright v. Cuyler, 517 F. Supp. 637 (E.D. Pa. 1981). Simmons appears to claim he is entitled to credit for time served from October, 2010, to July, 2012, a period of 21 months. If we assume Simmons was entitled to 21 months' credit, when he was sentenced on May 8, 2014, he had 15 months to serve on his minimum sentence of 3 years.  Consequently, his minimum sentence would have expire on August 8, 2015, and his maximum sentence date would be August 8, 2018.

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[4]  For the reasons outlined below, Simmons will be granted  in forma pauperis status, the complaint will be dismissed and Simmons will be granted an opportunity to submit an amended complaint.

**Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the

---

4.  Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-581 (2003);  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).  Our Court of Appeals similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.

The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself."  Id. at 71.  "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

After Will our Court of Appeals held that in determining whether a state agency is a person under § 1983, a federal court should consider:  whether the state would be responsible for the payment of any judgment rendered against the agency; the source of the agency's funding; and the degree of autonomy enjoyed by the agency, as well as other similar factors.  Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991).

The Pennsylvania Department of Corrections and the Commonwealth of Pennsylvania are indisputably entities which cannot be sued under § 1983.  In the instant case, payment of any judgment rendered against those defendants would have to be paid out of the Pennsylvania state treasury.  Furthermore, those

defendants receive all of their funding from the state treasury and do not enjoy any measure of autonomy. Therefore, it is clear under Will and Bolden that the Commonwealth of Pennsylvania and the Department of Corrections are not properly named defendant.

While a local governmental unit, such as a city or county, may be held liable for the constitutional torts of its officials or employees in a limited class of cases, none of the circumstances required to impose such liability are alleged in the complaint. See City of Canton v. Harris 489 U.S. 378, 388 (1989); Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 691 (1978). The only basis for liability against a local governmental unit is an allegation that an official policy or custom is responsible for a deprivation of rights protected by the Constitution.[5]  Monell v.

---

5. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986)). Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or
(continued...)

Department of Social Services, 436 U.S. at 691; see also Roman v. Jeffes, 904 F.2d 192 (3d Cir. 1990). In Monell, the Supreme Court added that liability may not be premised on a theory of respondeat superior, rather, only on a claim that the governmental unit itself supported the alleged constitutional violation.

    Simmons raises no contention that the alleged miscalculation of his sentence was the result of any governmental policy or custom. Consequently, pursuant to Monell, it is clear that the Philadelphia Prison System is not a properly named defendant. Furthermore, the Philadelphia Prison System is not a separate legal entity from the City of Philadelphia which can be sued. Burgos v. Philadelphia Prison System, 760 F.Supp.2d 502, 503 n.1 (E.D.Pa. 2013); Baylor v. Philadelphia Prison System, 2010 WL 3191803 (E.D.Pa. Aug. 11, 2010); see 53 Pa.C.S.A. § 16257.

---

5. (...continued)
authorized by law, is so well-settled and permanent as virtually to constitute law. Andrews, 895 F.2d at 1480; see also Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir.), cert. denied, 492 U.S. 919 (1989) ("Custom may be established by proof of knowledge and acquiescence.").

Based upon the above legal standards, it is clear that any claims against the named defendants are subject to dismissal in that Simmons fails to set forth any factual allegations against them in the complaint which give rise to cognizable claims. Without such factual allegations, it is impossible to conclude that defendants have deprived Simmons of any constitutional rights entitling him to monetary damages. As such, the present complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim against the defendants upon which relief may be granted.[6]

---

6. While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127

(continued...)

Although the complaint as filed fails to state a cause of action against any of the named defendants, it is possible that the deficiencies may be remedied by filing an amended complaint in which appropriate parties are named. Consequently, Simmons will be granted such opportunity. Simmons is also advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. Such amended complaint should set forth his claims in short, concise and plain statements. It should specify which actions are alleged as to which defendants. If Simmons fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Simmons's motion to proceed <u>in forma pauperis</u> (Doc. 2) is construed as a motion to proceed without full prepayment of the filing fee and is **GRANTED**.

---

6. (...continued)
S.Ct. at 1965 (quoted case omitted).

2.   Simmons's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to file an amended complaint, consistent with the background of this order, within twenty (20) days of the date hereof.

3.   If Simmons fails to file an amended complaint within twenty (20) days of the date hereof, the Clerk shall **CLOSE** this case without further order of court.

                                         _s/Sylvia H. Rambo_
                                         United States District Judge

Dated:   October 26, 2015