IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN SIMMONS,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:15-CV-02024 |
| | : | |
| vs. | : | |
| | : | |
| **DEPARTMENT OF** | : | (Judge Rambo) |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**Background**

On October 16, 2015, Sean Simmons, an inmate presently confined at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania ("SCI-Benner Township"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. Simmons did not appear to name any individual defendants[1] but only the following entities: (1) the Pennsylvania Department of Corrections; (2) Philadelphia Prison System; and (3) the

---

1. Simmons made an odd reference to a "Jim Kelly" in the Defendants' section of the form civil rights complaint. Simmons stated as follows: "A. Defendant Department of Corrections is employed as Jim Kelly at SCI Benner Township. B. Additional Defendants Philadelphia Prison System Commonwealth of Pennsylvania[.]" Doc. 1, at 3.

Commonwealth of Pennsylvania.  Along with his complaint, Simmons submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Simmons's claims were set forth on a form § 1983 complaint which are routinely provided to pro se litigants.  The following was Simmons's Statement of Claim in toto, including the grammatical errors:

> On 5/8/14 I was sentenced to 3 to 6 years by Judge Sheila Woods Skipper with credit for time served. My time I spent in custody was never awarded which is due on my sentence order to be awarded.
>
> The Philadelphia Prison System was to calculate my time credit in which they failed to award me all my time credit. The D.O.C. is holding me in custody on a incorrect sentence.
>
> I was incarcerated on Dates October 2010 – July 2012 on this criminal charge I was never awarded credit by the D.O.C. which make my sentence incorrect which I am serving.

Doc. 1, at 3. Simmons, although alleging that his sentence was miscalculated, did not allege that he had been or was presently being held in prison beyond his sentence maximum date.[2] Furthermore, Simmons did not

---

2. To the extent that Simmons seeks release from confinement, it is well settled that inmates may not use civil rights actions to challenge the fact or
(continued...)

specify the crime of which he was convicted, the maximum date of the sentence or how each of the defendants were involved in the calculation of his sentence minimum or maximum which was at odds with the sentence imposed by a trial court. As relief, Simmons requested the following: I want to be paid one thousand dollars a day for everyday I wasn't awarded my time credit which would result in having less time on my sentence. Compel the D.O.C. to award my time credit." Id. at 4.

By memorandum and order of October 26, 2015, Simmons's complaint was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to file an amended complaint within 20 days of the date of the memorandum and order. On November 2, 2015, the court received a one-page unsigned amended complaint from Simmons.³ Doc. 9. In the amended complaint Simmons names as defendants

---

2. (...continued)
duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975).

3. The court assumes that the amended complaint is from Simmons because it came in an envelope on which was handwritten his return address at SCI-Benner Township.

3

the City of Philadelphia and the following individuals: (1) Christopher Thomas, who allegedly works for the Philadelphia Prison System; (2) Tammy Ferguson, Superintendent at SCI-Benner Township; and (3)the Honorable Sheila Woods-Skipper, President Judge, Court of Common Pleas of Philadelphia County. Id.  Simmons states that his original sentence was 11 ½ months to 23 months followed by 15 years of probation for an aggravated assault.[4] Id. Simmons claims that his probation was revoked on May 8, 2014 and he was sentenced to 3 to 6 years by Judge Wood-Skipper. Id. Simmons alleges he "received two separate sentences of incarceration which is a violation of Double Jeopardy[.]" Id.  Simmons contends he was incarcerated

---

4.  Simmons states that the docket number for his case in the Court of Common Pleas of Philadelphia County is CP0014499.  A review of that court's docket using the Unified Judicial System of Pennsylvania Web Portal reveals that on May 8, 2014, President Judge Woods-Skipper found Simmons in technical violation of his probation, revoked that probation and imposed a new sentence of 3 to 6 years state confinement. Commonwealth of Pennsylvania v. Sean Simmons, CP-51-CR-0015499-2010, https://ujsportal.pacourts.us/Docket Sheets/CPReport.ashx?docketNumber=CP-51-CR-0015499-2010 (Last accessed November 2, 2015).

from October 2010 to July, 2012, and that he should have received credit for that time. <u>Id.</u>  He claims that his minimum sentence is January 27, 2017, and his maximum sentence is sometime in 2020 and that Superintendent Ferguson told him that his sentence was calculated correctly. <u>Id.</u>  Simmons contends his rights were violated when he received two separate sentences of incarceration, i.e., the 11 ½ to 23 months and the 3 to 6 years for the probation violation. <u>Id.</u>  As relief he asks for $300,00 for his "rights being violated by the City of Philadelphia.

It is clear from a review of the amended complaint that it suffers from the same or similar defects as the original complaint.

First, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978).  Since the claims against Judge Sheila-Woods are based on actions taken by the defendant in the exercise

of her official duties, she is entitled to absolute immunity from monetary damages.

Second, while a local governmental unit, such as a city or county, may be held liable for the constitutional torts of its officials or employees in a limited class of cases, none of the circumstances required to impose such liability are alleged in the complaint. See City of Canton v. Harris 489 U.S. 378, 388 (1989); Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 691 (1978). The only basis for liability against a local governmental unit is an allegation that an official policy or custom is responsible for a deprivation of rights protected by the Constitution.[5]  Monell v. Department of Social Services,

---

5. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986)). Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. Andrews, 895 F.2d at 1480; see also Fletcher v. O'Donnell, 867 F.2d 791,
(continued...)

436 U.S. at 691; see also Roman v. Jeffes, 904 F.2d 192 (3d Cir. 1990). In Monell, the Supreme Court added that liability may not be premised on a theory of respondeat superior, rather, only on a claim that the governmental unit itself supported the alleged constitutional violation. Simmons raises no contention that the alleged miscalculation of his sentence was the result of any governmental policy or custom. Consequently, pursuant to Monell, it is clear that the City of Philadelphia is not a properly named defendant.

     Third, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

---

5. (...continued)
793-94 (3d Cir.), cert. denied, 492 U.S. 919 (1989) ("Custom may be established by proof of knowledge and acquiescence.").

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, Simmons's complaint for damages is legally frivolous because he asserts that he is incarcerated unlawfully, but he can not maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid.  Consequently, the claims against Christopher Thomas and Superintendent Ferguson are not cognizable.  Consequently, in light of the clear frivolity of the claims raised in the amended complaint we will dismiss it as frivolous, without further leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[6]

Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources

---

6. It would be inequitable and futile to grant Simmons another opportunity to amend. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

that § 1915 is designed to preserve.  See <u>Roman v. Jeffes</u>, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

An appropriate order will be entered.

<pre>                         s/Sylvia H. Rambo                    
                        SYLVIA H. RAMBO
                        United States District Judge</pre>

Dated: November 4, 2015